**FILED**

MAY 23 2001

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

CHIRON CORPORATION,

        Plaintiff,

   v.

GENENTECH, INC.,

        Defendant.

NO. CIV. S-01-503 WBS/PAN

MEMORANDUM AND ORDER

----ooOoo----

This is a patent infringement suit involving bio-engineered products used in the treatment of breast cancer. Plaintiff Chiron Corporation ("Chiron") alleges that Genentech's product, Herceptin®, infringes Chiron's patent for "monoclonal anti-human breast cancer antibodies." (Ex. A, Attached to Complaint for Patent Infringement).[1] Genentech, Inc. ("Genentech") moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Herceptin® is

---

[1] Specifically, plaintiff claims that "Genentech is infringing [Patent No. 4,753,894 (the "'894 patent")] by making, using, selling, and/or offering to sell within the United States the inventions claimed in the '894 patent, including without limitation by making, using, selling and/or offering to sell its Herceptin® product." (Complaint for Patent Infringement, ¶ 12).

1



1  a "humanized" antibody and thus, it does not literally infringe
2  Chiron's patent, which claims only "murine monoclonal
3  antibodies." See Webster's Third New International Dictionary
4  1488 (defining "murine" as "of or relating to the genus Mus
5  [mouse]"). Thus, Genentech requests that the court take judicial
6  notice of the "fundamental" characteristics of Herceptin®, which
7  are purportedly distinct from the characteristics of the "murine"
8  antibody claimed in Chiron's patent.[2]

9  "As a general rule, a district court may not consider
10 any material beyond the pleadings in ruling on a Rule 12(b)(6)
11 motion." Lee v. County of Los Angeles, 2001 WL 468408, at *13
12 (9th Cir.).[3] This is not a matter in which the court can
13 conclude beyond doubt without referring to materials beyond the
14 pleadings that the plaintiff can prove no set of facts in support
15 of its claim for patent infringement. See Hishon v. King &
16 Spalding, 467 U.S. 69, 73 (1984) (court may not dismiss the

---

[2] Genentech offers its own submissions to the United States Food and Drug Administration ("FDA"), which purportedly establish that Herceptin® is a "recombinant humanized antibody."

[3] An exception to the general rule permits district courts to take judicial notice of matters "generally known" and "capable of accurate and ready determination" pursuant to Federal Rule of Evidence 201. See Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986) ("court may take judicial notice of facts outside the pleadings"). However, the court may not consider such documents to prove the truth of their contents. See Lee, 2001 WL 468408, at *14 ("district court incorrectly took judicial notice of the truth" of "facts stated in a public record"); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1277-78 (11th Cir. 1999) (holding that on a motion to dismiss, the district court may consider relevant filings with the Securities Exchange Commission "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"); Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1018 (5th Cir. 1996)(same).

1 complaint unless it appears "beyond doubt" that the plaintiff
2 cannot support a claim entitling him or her to relief). For
3 example, the court cannot determine on the basis of the pleadings
4 whether a "humanized" antibody, which contains "murine" portions,
5 is or is not within the scope of a patent for "murine" monoclonal
6 antibodies.  Even if the likelihood of recovery seems remote,
7 Chiron is still entitled to offer evidence to support its claim
8 against Genentech.  See United States v. City of Redwood City,
9 640 F.2d 963, 966 (9th Cir. 1981).

10          IT IS THEREFORE ORDERED that defendant's motion to
11 dismiss be, and the same hereby is, DENIED.
12 DATED: May 22, 2001

13                      /s/ William B. Shubb
                        WILLIAM B. SHUBB
14                      UNITED STATES DISTRICT JUDGE

3

pc

United States District Court
for the
Eastern District of California
May 23, 2001

* * CERTIFICATE OF SERVICE * *

2:01-cv-00503

Chiron Corp

   v.

Genentech Inc

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 23, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

      Rachel Krevans                             SH/WBS
      Morrison and Foerster LLP
      425 Market Street                        TM/PAN
      San Francisco, CA   94105-2482

      Jack Vivian Lovell
      Hunter Richey DiBenedetto and Brewer
      Renaissance Tower
      801 K Street
      23rd Floor
      Sacramento, CA   95814-3525

                                              Jack L. Wagner, Clerk

                                              BY: _____
                                                     Deputy Clerk